IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVE SAWYER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1780-L** |
| | § | |
| **AMERICAN POSTAL WORKERS** | § | |
| **UNION, AFL-CIO, and UNITED** | § | |
| **STATES POSTAL SERVICE**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Dismiss, or in the Alternative, for Summary Judgment of

Defendant American Postal Workers Union, AFL-CIO, filed December 11, 2009. After careful

consideration of the motion, briefs, reply, appendices, record, and applicable law, the court **denies**

**without prejudice** the Motion to Dismiss, or in the Alternative, for Summary Judgment of

Defendant American Postal Workers Union.

## I.    Background

Steven Sawyer ("Plaintiff" or "Sawyer") originally filed this action on September 24, 2009,

against the American Postal Workers Union, AFL-CIO (the "Union"), contending that the Union

breached its duty of fair representation to him. He later filed Plaintiff's First Amended Complaint

(the "Complaint") and added the United States Postal Service (the "USPS") as a defendant. With

respect to the Union, Sawyer contends that the Union failed to represent him with respect to several

grievances he filed. The Union contends that the allegations in the Complaint are insufficient to state

a claim upon which relief can be granted.

## II.    Standards

### A.    Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the

complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B.    Rule 8(a) - Pleading Requirements

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain allegations of facts "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon

which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993).

## III.    Discussion

With respect to a claim for breach of the duty of fair representation, the Supreme Court has held:

> Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, and to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. This duty of fair representation is of major importance, but a breach occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. The courts have in general assumed that mere negligence, even in the enforcement of a collective-bargaining agreement, would not state a claim for breach of the duty of fair representation, and we endorse that view today.

*United Steelworkers v. Rawson*, 495 U.S. 362, 372-73 (1990) (citation omitted).    While the Complaint conclusory asserts that the Union breached its duty of fair representation, it falls short of meeting the pleading requirements.    The allegations against the Union are:

> The Union owes Sawyer a duty to provide fair representation during his grievance process and through an arbitration hearing.  The Union has arbitrarily refused to process Sawyer's meritorious grievances.
>
> The Union has failed to arbitrate Sawyer's grievances or provide any date when they might be arbitrated.  The Union has failed to provide any explanation for the delays and failure to communicate.  The Union has further placed Milam's complaint and position above that of Sawyer's grievance and discriminated against Sawyer by showing preference for Milam.  The Union failed to inform Sawyer that it was settling his grievances.
>
> The Union has now taken the position that they owe no duty of fair representation to Sawyer, since his retirement, although the Union still claims that there is a grievance pending arbitration.

Pl.'s First Amended Compl. ¶¶ 24, 25, 26. The remainder of the allegations are against the USPS and contain more specificity.

Arguably, Plaintiff has set forth sufficient allegations that might or conceivably set forth a claim; however, this is not the test. Although Sawyer at times uses certain buzzwords, such as "arbitrary" and "discriminated," he fails to provide sufficient factual bases for the court to infer reasonably that the Union is liable for the misconduct alleged, assuming that his allegations are true. For example, the Complaint can easily be read in such a way for one to conclude that Union's conduct was the result of negligence, incompetence, or oversight, none of which is sufficient to state a claim for the breach of duty of fair representation. The allegations in the Complaint do not put the Union on notice of grounds upon which Plaintiff's claim rests. A few well-placed, nonclusory allegations can cure this deficiency, assuming of course that there is a basis for the allegations. As the Complaint stands, however, it alleges at best, nothing more than negligence. The court in making this determination looks only to the pleadings. The court declines to convert the Union's motion into one for summary judgment because it believes that the pleadings should meet the required standard before such a conversion is made. At this stage, to hold that Plaintiff has stated a claim upon which relief can be granted requires the court to speculate, accept conclusory allegations, and make unwarranted deductions, none of which it can do under existing precedent.

## IV.    Conclusion

For the reasons herein stated, Plaintiff fails to state a claim upon which relief can be granted. Rather than dismiss the Complaint, the court will allow Plaintiff one more opportunity to plead his case. Accordingly, Plaintiff shall file a second amended complaint in accordance with the standard herein set forth by **October 15, 2010**. The court **denies without prejudice** Defendant's Motion to

Dismiss, or in the Alternative, for Summary Judgment. If Plaintiff fails to replead by **October 15, 2010**, the court may dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure, or dismiss for failure to state a claim upon which relief can be granted.

      **It is so ordered** this 30th day of September, 2010.

Sam A. Lindsay
United States District Judge