## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **STEVE SAWYER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1780-L** |
| | § | |
| **AMERICAN POSTAL WORKERS** | § | |
| **UNION, AFL-CIO, and UNITED** | § | |
| **STATES POSTAL SERVICE**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Opposed Motion for Leave to File Amended Complaint, filed October 25, 2010; and the Motion to Dismiss of Defendant American Postal Workers Union, AFL-CIO, filed November 1, 2010. After careful consideration of the motions, briefs, record, and applicable law, the court **grants** Plaintiff's Opposed Motion for Leave to File Amended Complaint and **denies without prejudice** the Motion to Dismiss of Defendant American Postal Workers Union, AFL-CIO.

**I.    Background**

Steve Sawyer ("Plaintiff" or "Sawyer") requests leave of court to file Plaintiff's Third Amended Complaint. He contends that the amendment is necessary to clarify and correct factual allegations made in the pleadings. Sawyer further contends that "[t]here is no undue delay, bad faith, or dilatory motive in amending the complaint[]" or "undue or substantial prejudice to the Defendants." Pl.'s Mot. to Amend ¶ 1.2.

**Memorandum Opinion and Order - Page 1**

The American Postal Workers Union, AFL-CIO ("APWU" or "Defendant") opposes the motion. It opposes the motion because the court earlier directed Sawyer to file Plaintiff's Second Amended Complaint by October 15, 2010, and because the proposed amendment "adds multiple new allegations, and two new causes of action [that] should have been included in the amendment that was due October 15." Br. in Opp. to Pl.'s Mot. for Leave 1-2.

## II. Legal Standard -Leave to Amend

When considering a request for leave to amend, the court freely gives leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Although the decision to grant leave is discretionary, the court's discretion is "not broad enough to permit denial if the court lacks a substantial reason to do so." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). A district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* at 314-15 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent such factors, the court should allow amendment. *Foman*, 371 U.S. at 182.

## III. Discussion

### A. Motion to Amend

Whether to allow Sawyer to amend Plaintiff's Second Amended Complaint is a fairly close call. The court ultimately determines that justice requires that Sawyer be allowed to file the amended complaint.

First, the court believes that there is no undue delay. There has been some delay, but the court does not consider it to be significant. Some of the overall delay has been caused by the court's delay in ruling on the pending motion, and the court apologizes for the extent that it has caused some

**Memorandum Opinion and Order - Page 2**

of the delay. Second, there is no evidence of bad faith or dilatory motive on Plaintiff's part. The court is not pleased in the manner Plaintiff sought to amend in that Plaintiff does not explain why the matters he sought to add were not included in the earlier amendment allowed by the court. Third, the court determines that Plaintiff could have cured the prior deficiencies identified earlier; however, such failure does not fall into the category of *repeated* failures. Fourth, the court determines that APWU will not suffer any undue prejudice. This is so because APWU will certainly have an opportunity to reurge its motion to dismiss. Further, nothing has been presented by APWU that its ability to defend this action has been hampered or rendered ineffective. Finally, Defendant states that this action should not proceed, which is another way of stating futility of amendment. APWU may be correct, but at this juncture the court believes that the better approach is to allow the amendment to ensure that Plaintiff has pleaded his "best case" and then allow APWU to address the amended complaint with a motion to dismiss. The court believes that it would be premature and improvident for it to make a decision regarding futility prior to the filing of the amended pleading.

The court *will not* allow any further amendment during the pendency of a Rule 12(b)(6) motion. Plaintiff, with the amendment, will certainly have had ample time to plead his best case. As the Fifth Circuit has held, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986)). If APWU or the United States Postal Service files a Rule 12(b)(6) motion and the court determines that no claim has been stated upon which relief can be granted, the court will not allow further amendment by Plaintiff. With Plaintiff's Third Amended Complaint, the court determines that he will have pleaded

**Memorandum Opinion and Order - Page 3**

his best case and that at least two of the factors that a court considers to deny further amendment will apply.

### B. Motion to Dismiss

As the court will permit the amended pleading, the better approach is to deny the pending motion to dismiss without prejudice because the court desires to consider a dispositive motion in light of claims raised in the live pleading, Plaintiff's Third Amended Complaint. The court realizes that this causes some inconvenience and additional costs to APWU; however, a clean dispositive motion puts the action in a better procedural posture for the court and the parties.

## IV. Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Opposed Motion for Leave to File Amended Complaint. Sawyer shall file Plaintiff's Third Amended Complaint by **April 22, 2011.** The court **denies without prejudice** the Motion to Dismiss of Defendant American Postal Workers Union, AFL-CIO. Any motion filed by a defendant pursuant to Rule 12(b)(6) must be filed by **May 9, 2011.** The response to the motion and the reply to the response must be filed in accordance with the Local Civil Rules of the Northern District of Texas.

**It is so ordered** this 19th day of April, 2011.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge