IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVE SAWYER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1780-L** |
| | § | |
| **AMERICAN POSTAL WORKERS** | § | |
| **UNION, AFL-CIO, and THE UNITED** | § | |
| **STATES POSTAL SERVICE,** | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court are Defendant United States Postal Service's Motion to Dismiss, filed May 9, 2011; and the Motion to Dismiss of American Postal Workers Union, AFL-CIO, filed May 9, 2011. After consideration of the motions, responses, replies, briefs, pleadings, and applicable law, the court **grants** Defendant United States Postal Service's Motion to Dismiss and **grants** the Motion to Dismiss of American Postal Workers Union, AFL-CIO.

## I.  Factual and Procedural Background

Steve Sawyer ("Sawyer" or "Plaintiff") filed Plaintiff's Third Amended Complaint (the "Complaint") against the American Postal Workers Union, AFL-CIO (the "Union") and the United States Postal Service ("USPS") (collectively, "Defendants"), alleging breach of duty of fair representation and breach of collective bargaining agreement. Plaintiff seeks damages from his grievances and actual physical injury as well as attorney's fees, prejudgment and postjudgment interest, and costs of suit. Subject matter jurisdiction is conferred upon this court pursuant to Section 9(a) of the Labor Management Relations Act, 29 U.S.C. § 159(a).

Sawyer was employed by the USPS as a full time clerk at the Waxahachie post office from February 1974 until his retirement in April 2008. In March 2007, Patricia Milam ("Milam"), who suffered an injury and had previously worked as a rural carrier at the Red Oak post office, was assigned to perform clerk work at the Waxahachie post office. Upon Milam's arrival, Plaintiff contends that the USPS wrongfully assigned her to clerk duties that Sawyer had been performing and reassigned him to manual labor duties, allegedly resulting in his injury. He further contends that USPS wrongfully transferred Milam to the Waxahachie location, denied leave to clerks without giving bid opportunity to senior clerks, and granted Milam a higher pay grade. In May and September 2007, Sawyer was injured while performing the duties he had been reassigned following Milam's transfer. According to Sawyer, he retired in April 2008, as a result of his injuries, use of sick leave, and the Union's failure to remedy his displacement grievances.

Sawyer filed several grievances with the Union relating to his "displacement" by Milam, his subsequent injury, denial of leave, and transfer matters. At the time of his retirement in April 2008, the Union settled some of Sawyer's grievances without informing him, and others remained pending arbitration. The Union relied upon official forms that the USPS provided to them in considering Sawyer's grievances.

Plaintiff contends that the Union owed him a duty to provide fair representation during his grievance process up to and including arbitration hearings, and that the Union breached this duty by failing to arbitrate all of his grievances, failing to communicate with him regarding his grievances, and aiding the USPS's improper transfer of Milam to the Waxahachie post office. He also contends that the Union's failure to represent him because of his retiree status is a breach of its duty. Plaintiff further contends that the USPS breached the collective bargaining

agreement by wrongfully transferring Milam, placing her in the clerk position to the detriment of other clerks at the Waxahachie post office, and denying leave to clerks without giving bid opportunity to the senior clerks for vacation times.

Defendants now move to dismiss this action for failure to state a claim upon which relief can be granted. The Union argues that it does not owe Plaintiff a duty of fair representation and that even if it did, the Complaint fails to assert a valid claim of breach of that duty. The USPS moves to dismiss because it contends that the court must first find that the Union breached a duty of fair representation as an "indispensable predicate" to litigate the merits of Plaintiff's claims against the USPS.

## II.   Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief

above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). Accordingly, the seven exhibits attached to the Complaint are part of the pleadings and have been taken into account by the court.

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions*. R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it

**Memorandum Opinion and Order- Page 4**

only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

III. <u>Analysis</u>

The first issue for analysis is whether the Complaint pleads enough facts to state a claim to relief against the Union for breach of duty of fair representation that is plausible on its face. The court will then consider the USPS's motion to dismiss separately.

    A.    **Claim Against the Union for Breach of Duty of Fair Representation**

The essence of a section 301 breach of contract and breach of duty of fair representation lawsuit is aptly captured in *Williams v. Simmons Company,* 185 F. Supp. 2d 665 (N.D. Tex. 2001) (Solis, J.). In this regard, the court stated:

> A § 301 breach of contract and fair representation suit comprises two distinct causes of action, one against the employer, and the other against the union. *Daigle v. Gulf State Utilities Co., Local Union No. 2286*, 794 F.2d 974, 977 (5th Cir. 1986). Section 301 of the Labor Management Relations Act ("LMRA") provides an employee with a federal cause of action against his employer for breach of [his] collective bargaining agreement. 29 U.S.C.A. § 185(a) (West 1998). The suit against the union for breach of the duty of fair representation is implied under the scheme of the National Labor Relations Act. *Daigle,* 794 F.2d at 977 (citing *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)). The two causes of action are "inextricably interdependent," and have come to be known as a 'hybrid' § 301/duty of fair representation suit. *Id.; Landry v. The Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 850-51 (5th Cir. 1989).

*Id.* at 675.

The Union first argues that Plaintiff's allegations are conclusory and that he has not alleged sufficient facts to support his belief that it owed him a duty of fair representation or that a duty was breached. A union "breaches its duty of fair representation [only] if its conduct is "arbitrary, discriminatory, or in bad faith." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67

(1991) (citation omitted). [A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Id.* (citation and internal quotation marks omitted). This deferential standard "gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 45-46 (1998). A union does not breach its duty of fair representation through simple negligence or mistake in judgment. *Landry,* 880 F.2d at 852. Further, a union "has an obligation to prosecute a grievance with reasonable diligence unless it decides in good faith that the grievance lacked merit or for some other reason should not be pursued." *Id.* (citation omitted).

Plaintiff alleges that the Union acted arbitrarily and in bad faith by refusing to process all of Sawyer's grievances and for settling some but not all of Sawyer's grievances after his retirement without informing him and without providing dates for the remaining grievances to be arbitrated. Pl.'s Third Am. Compl. ¶ 42. Plaintiff also contends that he was discriminated against because the Union favored another employee over him in the grievance process by allowing an improper transfer of the employee to his location, granting her a higher pay scale, and failing to fairly and honestly process Sawyer's grievances. Pl.'s Third Am. Compl. ¶ 57. Finally, Plaintiff alleges that the Union settled some of his grievances in bad faith by relying on backdated documents to determine whether his grievances were meritless. Pl.'s Third Am. Compl. ¶ 35.

The Union argues that the Complaint fails on its face to assert a plausible claim of breach of duty of fair representation. The Union contends that it relied upon the official forms supplied by the USPS in processing Plaintiff's grievances and therefore reasonably believed his grievances had no merit. It further argues that relying upon the regular and normal

**Memorandum Opinion and Order- Page 6**

documentation used in the course of business by USPS was reasonable.  The Union asserts that Plaintiff's statements do not allow the court to "infer more than the mere possibility of misconduct" and thus do not demonstrate that any relief is appropriate.  *Iqbal*, 129 S.Ct. at 1950.  Because it was acting within its discretion, the Union argues that its conduct is not classified as arbitrary, discriminatory, or in bad faith.  For these reasons, the Union contends that Plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted.

The Union is not required to process all of Plaintiff's grievances and is not required to inform or allow the employee to participate in settlements.  *Vaca v. Sipes*, 386 U.S. 171, 191 (1967).  Unions are given a considerable level of deference that fully allows them to make discretionary decisions when processing grievances, even if they are ultimately mistaken.  *Marquez*, 525 U.S. at 45-46.  It is undisputed that the Union decided to arbitrate and consider Plaintiff's claims regarding the Milam transfer and pay scale.  The Union considered Sawyer's grievances and appealed them to arbitration.  Most of the grievances were settled; some remained pending arbitration at the time of Sawyer's retirement.  Pl.'s Third Am. Comp. ¶ 35.  The allegations in the Complaint do not allow the court to reasonably infer that the Union's conduct was outside "the wide range of reasonableness" afforded to it in its decision making, and, accordingly, its conduct cannot be classified as arbitrary.  *O'Neill*, 499 U.S. at 67.

In addition, Plaintiff makes conclusory allegations that the Union favored the other employee without sufficiently setting forth the bases that the Union acted to harm him or that it favored the other employee over him.  Plaintiff contends that the Union enabled the USPS to grant the other employee seniority credentials and a transfer to a new location, and thereby placed her ahead of other clerks at his location.  "[T]hat a union adopts a position that favors one group of employees over another does not amount to a breach of the duty of fair representation."

*Turner v. Air Transp. Dispatchers' Ass'n*, 468 F.2d 297, 300-01 (5th Cir. 1972). The Union was free to rationally rely on the forms typically provided to them in considering Plaintiff's grievances. Further, Plaintiff does not set forth allegations that the Union had reason to doubt the validity of the official documents that the USPS provided to them. Its decision to settle some of Sawyer's grievances for lacking merit is not indicative of bad faith and is not discrimination against Plaintiff. Whether or not the results of the proceedings are favorable to Plaintiff does not detract from the Union's adherence to the standard grievance proceedings.

Finally, even if the Union negligently or mistakenly relied upon the USPS's forms, that is not sufficient to support a claim of breach of the duty of fair representation. *Landry,* 880 F.2d at 852. There is nothing sufficiently alleged in the Complaint from which it can be reasonably inferred that the Union was motivated by anything other than legitimate consideration of Plaintiff's grievances in the arbitration process. The Union's conduct cannot be classified as "so far outside a wide range of reasonableness as to be irrational." *O'Neill,* 499 U.S. at 67.

Because Plaintiff fails to set forth sufficient facts alleging that the Union acted in an arbitrary, discriminatory, or bad faith manner, or allege facts from which the court can reasonable infer that the Union so acted, the Complaint does not state a claim upon which relief can be granted for breach of duty of fair representation.

### B. Union's Duty to Represent Plaintiff

Sawyer contends that the Union owed him a duty of fair representation because his grievances were pending at the time of his retirement and related to actions that occurred while he was an employee and member of a bargaining unit. The Union counters that it has no duty or obligation to represent Sawyer once he retired. The court agrees with the Union.

The court believes that Plaintiff's argument is foreclosed by the decision in *Allied Chemical and Alkali Workers of America, Local Union No. 1 v. Pittsburgh Plate Glass Company*, 404 U.S. 157 (1971). The Court made plain that retirees are not employees with respect to a collective bargaining agreement and stated, "Since retirees are not members of the bargaining unit, the bargaining agent is under no statutory duty to represent them in negotiations with the employer." *Id.* at 181 n.20; *see also United Mine Workers of America Health and Retirement Funds v. Robinson*, 455 U.S. 562, 575-76 (1982). Accordingly, the court holds that no duty of fair representation is owed to retirees. That a Union *may* elect to represent a retiree is quite beside the point. Moreover, language in a collective bargaining agreement that a Union is not barred or prohibited from representing the retiree does not create an affirmative duty on the part of a Union to represent a retiree. Further, a retiree or former union member is free to pursue his claim independently when he ceases being an employee and union member. *Meza v. General Battery Co.*, 908 F.2d 1262, 1270 (5th Cir. 1990). Nothing in the record indicates that Sawyer could not have availed himself of this option. Accordingly, the court determines that the Union owed Sawyer no duty of representation as a retiree, and his claim fails as a matter of law.

  **C.**  **Breach of Collective Bargaining Agreement**

In this case, the arbitration and grievance procedure is the exclusive and final remedy for breach of the collective bargaining agreement. Accordingly, Plaintiff may not sue the USPS under section 301 until he has first exhausted the grievance procedure with the Union. *Daigle*, 794 F.2d at 977. An exception to this rule arises when the union representing the employee in the grievance and arbitration procedure breaches its duty of fair representation in handling the employee's grievance. *Vaca*, 386 U.S. at 186. The employee must set forth allegations that establish that the union breached its duty of fair representation or that it is bound by the

procedure's result. *Id*. In sum, when a collective bargaining agreement provides that the grievance and arbitration procedure is the exclusive and final remedy, the employee must necessarily first show or demonstrate by allegations that the Union breached its duty of fair representation. Second, the employee must set forth facts that the employer breached the collective bargaining agreement. The employee must set forth sufficient allegations that he will prevail on the claim, even if he chooses to sue one defendant and not the other. *DelCostello*, 462 U.S. at 166; *Daigle*, 794 F.2d at 977.

Plaintiff elected to bring a hybrid section 301/duty of fair representation suit against the Union and the USPS. Establishing the Union's breach of duty of fair representation is an "indispensable predicate" for a section 301 action against the USPS. *Thomas v. LTV Corp.*, 39 F.3d 611, 621-22 (5th Cir. 1994) (citation omitted). Thus, "a plaintiff must prevail upon his unfair representation claim before he may even litigate the merits of his § 301 claim against the employer." *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 67 (1981). Applying this principle to this case requires Sawyer to allege first a claim upon which relief can be granted regarding his breach of duty of fair representation claim. The court has concluded that he has not stated a claim upon which relief can be granted against the Union. Accordingly, his claim against the USPS necessarily fails as a matter of law and must be dismissed. *Daigle*, 794 F.2d at 977.

Further, Plaintiff's grievance and arbitration procedures are not yet exhausted because some of his claims remain pending. Pl.'s Third Am. Comp. ¶ 35. The arbitration and grievance procedure is the exclusive and final remedy for breach of the collective bargaining agreement. *Daigle*, 794 F.2d at 977. For these reasons, Plaintiff's claim against the USPS under section 301

must be dismissed because the proceedings are not complete, and he has not set forth sufficient allegations that the Union failed to represent him fairly.

## IV.   Conclusion

For the reasons herein stated, the court concludes that Plaintiff has failed to state a claim upon which relief can be granted as to either claim asserted. Accordingly, the court **grants** Defendant United States Postal Service's Motion to Dismiss, **grants** the Motion to Dismiss of American Postal Workers Union, AFL-CIO, and **dismisses** this action **with prejudice**. Judgment will issue by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 30th day of November, 2011.

Sam A. Lindsay
United States District Judge